# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERRY BUTLER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>RIVERSIDE COUNTY, et al,<br><br>　　　　　Defendants. | Case No. EDCV 14-1616-MMM (JEM)<br><br>MEMORANDUM AND ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |

　　　　Perry Butler ("plaintiff"), proceeding pro se and in forma pauperis, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983 ("Complaint").

　　　　In accordance with the provisions governing in forma pauperis proceedings, the Court must screen the Complaint before ordering service to determine whether the action: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2). This screening is governed by the following standards:

　　　　A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) the plaintiff fails to state a cognizable legal theory; or (2) the plaintiff has alleged insufficient facts under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). In determining whether a complaint states a claim on which relief may be granted, allegations of material fact are taken as true and construed in

the light most favorable to the plaintiff.  Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1988).  However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations."  Neitzke v. Williams, 490 U.S. 319, 330 n.9 (1989).  "'[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'"  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

Although a complaint "does not need detailed factual allegations" to survive dismissal, a plaintiff must provide "more than mere labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (rejecting the traditional "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)).  The complaint must contain factual allegations sufficient to rise above the "speculative level," Twombly, 550 U.S. at 555, or the merely possible or conceivable.  Id. at 557, 570.

Simply put, the complaint must contain "enough facts to state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 570.  A claim has facial plausibility when the complaint presents enough facts "to draw the reasonable inference that the defendant is liable."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  This standard is not a probability requirement, but "it asks for more than a sheer possibility that a defendant has acted unlawfully."  Id.  A complaint that pleads facts that are merely consistent with liability stops short of the line between possibility and plausibility.  Id.

In a pro se civil rights case, the complaint must be construed liberally to afford plaintiff the benefit of any doubt.  Karim-Panahi v. Los Angeles Police Dept, 839 F.2d 621, 623 (9th Cir. 1988).  Unless it is clear that the deficiencies in a complaint cannot be cured, pro se litigants are generally entitled to a notice of a complaint's deficiencies and an opportunity to amend prior to the dismissal of an action.  Id. at 623.  Only if it is absolutely clear that the deficiencies cannot be cured by amendment should the complaint be dismissed without leave to amend.  Id.; Weilburg v. Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007).

After careful review and consideration of the Complaint under the relevant standards and for the reasons discussed below, the Court finds that the Complaint must be **DISMISSED WITH LEAVE TO AMEND.**

## ALLEGATIONS OF THE COMPLAINT

Plaintiff has sued the following defendants: Riverside County ("County"); Riverside County Sheriff's Department ("Sheriff's Department"); officers Robinson, A. Rodriguez, and B. Zimolzak; American Forensic Nurses; American Forensic Nurses nurse Nunez; Deputy District Attorney Lindsey Biggs; Riverside County District Attorney's Office; Riverside County Emergency Room; and several Doe defendants, including emergency room physician Dr. John Doe. (Complaint ¶¶ 6-17.)

Plaintiff alleges that, at about 3:30 a.m. on September 18, 2013, officers Robinson, Rodriguez, and Zimolzak came to Michelle Allen's Moreno Valley home, where he was spending the night with Allen's cousin. The officers asked Allen about the owner of a car parked in front of her home, and she said it belonged to her cousin's friend. The officers entered even though Allen did not consent to their entry into her home and her cousin did not consent to their entry into her bedroom . (Complaint ¶¶ 8-10, 22-27.) The officers demanded plaintiff's car keys and plaintiff told them that he did not have them because "David" had driven him. (Id. at ¶ 32.) The officers handcuffed plaintiff, arrested him on charges of driving under the influence and a "hit and run," and took him to the police station. (Id. at ¶ 29.)

At the police station, plaintiff was chained to a metal bench, with his hands still handcuffed behind his back. (Complaint ¶¶ 18, 32.) Officer Robinson asked plaintiff whether he was on probation or parole and plaintiff said that he was not. (Id. at ¶ 33.) Robinson asked plaintiff to consent to a blood draw and plaintiff refused. (Id. at ¶¶ 34-35.) Robinson attempted to telephonically obtain a search warrant for the blood draw, but the on call judge denied the request. (Id. at ¶¶ 36-37.) Plaintiff observed Robinson and Rodriguez in "intense conversation" with nurse Nunez. Robinson then grabbed plaintiff, who was still handcuffed, and slammed his head against the wall, rendering him semi-unconscious.

Robinson placed plaintiff in an arm hold, bending back his neck, while Rodriguez grabbed plaintiff by his ankles and pulled them back. Robinson then instructed Nunez to draw plaintiff's blood and she complied. (Id. at ¶¶ 41-43.) Plaintiff sustained a large lump on the side of his head where it was banged against the wall and sustained injuries to his arm from the blood draw. (Id. at ¶¶ 18, 19.) Plaintiff was taken to the County Emergency Room, but a physician there refused to document his injuries. (Id. at ¶¶ 15-17.)

Robinson then prepared a police report falsely stating that the blood draw was taken pursuant to plaintiff's parole conditions. (Complaint ¶ 44.) The District Attorney's Office filed charges against Petitioner. (Id. at ¶ 13.) At a July 8, 2014 hearing on plaintiff's motion to suppress, the trial court heard testimony regarding the arrest and the blood draw. (Id. at ¶¶ 27-47, 57.) Plaintiff introduced evidence showing that his probation was terminated on May 29, 2009, and that he was discharged from parole on February 21, 2013. (Id. at ¶¶ 45-56, 48-49.) The trial court ruled that the blood draw violated plaintiff's Fourth Amendment rights and suppressed the blood test results. (Id. at ¶¶ 57-59.) The trial court denied the motion to suppress with respect to plaintiff's arrest. (Complaint, Transcript of July 8, 2014 hearing in People v. Butler, RIM1316469].

Plaintiff asserts the following claims: (1) the County and the Sheriff's Department failed to properly train and supervise Sheriff's Department officers and acquiesced in the unlawful arrest and blood draw (Claims One through Four, Sixteen, Seventeen); (2) American Forensic Nurses, which has a contract with the Sheriff's Department, failed to properly train and supervise its nurses and caused Nunez to draw plaintiff's blood without authorization (Claim Five); (3) Robinson, Rodriguez, and Zimolzak violated the Fourth Amendment, the Fourteenth Amendment, California Penal Code § 245(a), and 18 U.S.C. § 241 by an unlawful entry, arrest, and blood draw (Claims Six through Eight, Twelve, Thirteen, Nineteen, Twenty, Twenty-One); (4) the blood draw performed by nurse Nunez violated the Fourth Amendment, the Fourteenth Amendment, and 18 U.S.C. § 241 (Claims Nine, Twelve); (5) deputy district attorney Lindsey Biggs and the Riverside County District Attorney's Office conspired with the officers to cover up the violations of the Fourth

Amendment and violated 18 U.S.C. § 241 (Claims Ten and Eleven); and (6) all of the defendants used excessive force against plaintiff (Claim Eighteen).  (Complaint at 25-36.) Plaintiff requests declaratory relief and $50 million in damages.  (Id. at 36-37.)

## DISCUSSION

### I. PLAINTIFF'S FOURTH AMENDMENT CLAIMS AGAINST DEFENDANTS ROBINSON, RODRIGUEZ, ZIMOLZAK, AND NUNEZ ARE DISMISSED IN PART AND WITHSTAND SCREENING IN PART.

According to the transcript of the July 18, 2014 hearing on plaintiff's motion to suppress, the trial court granted the motion to suppress with respect to the blood draw and denied it with respect to plaintiff's warrantless arrest in Allen's home.  Plaintiff has not alleged the disposition of the charges against him, but the Court notes that he has changed his address to a state prison address.

If plaintiff was convicted of the charges brought against him after his September 18, 2013 arrest, his Fourth Amendment claims challenging his warrantless arrest are barred by the doctrine of Heck v. Humphrey, 512 U.S. 477 (1994).  In Heck, the United States Supreme Court ruled that a Section 1983 claim that implicates the validity of plaintiff's conviction or sentence is not cognizable until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus.  Id. at 486-87. Plaintiff's claim that his arrest violated the Fourth Amendment would implicate the validity of his conviction. See Smithart v. Towery, 79 F.3d 951, 952 (9th Cir. 1996) (Heck barred plaintiff's claim that defendants lacked probable cause to arrest him).  However, a conviction would not necessarily bar plaintiff's claims for excessive force and his claims challenging the blood draw. See id. at 952-53 (Heck did not bar claim for excessive force during arrest); Smith v. City of Hemet, 394 F.3d 689, 699 (9th Cir. 2005) (Heck does not bar claim for excessive force if force was employed after the conduct underlying the conviction); Ove v. Gwinn, 264 F.3d 817, 823 (9th Cir. 2001) (Heck did not preclude plaintiffs convicted of

driving under the influence from challenging the manner in which their blood was drawn when blood evidence was not introduced against them).

Accordingly, the Court finds that, under the factual allegations of the Complaint, the following claims under the Fourth Amendment withstand screening: (1) the claims against Robinson and Rodriguez for excessive force; and (2) the claims against Robinson, Rodriguez, and Nunez based on the blood draw. However, plaintiff's Fourth Amendment claims against Robinson, Rodriguez, and Zimolzak based on his warrantless arrest must be dismissed. If plaintiff was *not* convicted, or if there are other facts taking him out of the bar of Heck, he should so allege in the First Amended Complaint.

## II. PLAINTIFF FAILS TO STATE A CLAIM AGAINST THE COUNTY, THE SHERIFF'S DEPARTMENT, THE COUNTY EMERGENCY ROOM, AND AMERICAN FORENSIC NURSES.

Plaintiff has sued the following governmental entities: the County, the Sheriff's Department, and the County Emergency Room. (Complaint ¶¶ 6, 7, 15, 16.) Plaintiff has also sued American Forensic Nurses, a private entity contracting with the Sheriff's Department. (Id. at ¶ 11.)

As an initial matter, the County Emergency Room is not a suable entity and plaintiff cannot sue it separately from the County. Plaintiff should assert his claims against the County Emergency Room as part of his claims against the County. Plaintiff may, however, sue both the County and the Sheriff's Department, because the Ninth Circuit has held that under California law a sheriff's department is a separately suable entity. See Streit v. County of Los Angeles, 236 F.3d 552, 565 (9th Cir. 2001).

To allege a Section 1983 claim against a local governmental entity such as the County and the Sheriff's Department, plaintiff must allege not only a constitutional deprivation, but also a policy, custom, or practice of the Sheriff's Department that was the "moving force" of the constitutional deprivation. Monell v. Department of Social Services, 436 U.S. 658, 694-95 (1978); Villegas v. Gilroy Garlic Festival Ass'n, 541 F.3d 950, 957 (9th Cir. 2008). Under Section 1983, local governments are responsible only "for their *own*

6

illegal acts" and are not vicariously liable for their employees' conduct. Connick v. Thompson, 131 S. Ct. 1350, 1359 (2011). Plaintiffs who seek to impose Section 1983 liability on local governments must prove that "action pursuant to official municipal policy" caused their injuries. Id. (quoting Monell, 436 U.S. at 691). "Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." Connick, 131 S. Ct. at 1359; see Monell, 436 U.S. at 694.

Here, plaintiff alleges that the County and the Sheriff's Department failed to properly train and supervise Sheriff's Department officers and acquiesced in the unlawful arrest and blood draw.[1] (Complaint ¶¶ 7, 8, 65, 66.) With respect to plaintiff's claims against the County arising from his treatment in the Emergency Room, plaintiff alleges that the Emergency Room failed to train and supervise its physicians and acquiesced in their refusal to treat and document injuries caused by arresting officers. (Id. at ¶ 16.)

The Supreme Court has observed that "[a] municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train." Connick, 131 S. Ct. at 1359. A municipality's failure to train its employees must amount to deliberate indifference to the rights of persons with whom the untrained employees come into contact. Id. (citing City of Canton v. Harris, 489 U.S. 378, 388 (1989)). A failure to train may amount to a policy of deliberate indifference if the need to train was obvious and the failure to do so made a violation of constitutional rights likely. Dougherty v. City of Covina, 654 F.3d 892, 900 (9th Cir. 2011). A "sufficiently inadequate" failure to supervise may also amount to deliberate indifference. Dougherty, 654 F.3d at 900. Mere negligence in training or supervision, however, does not give rise to a Monell claim. Id. Here, plaintiff's allegations about deficient training or supervision are conclusory and lack factual support. See id. at

---

[1] The Court notes that to the extent plaintiff's claims against the County and the Sheriff's Department are based on his arrest, they are Heck-barred to the same extent as his claims against the officers.

900-01. Petitioner has not alleged in what respect the training was deficient, and how the deficient training contributed to the constitutional violations alleged here.

Similarly, plaintiff has not alleged facts showing Monell liability under an acquiescence theory. See Jett v. Dallas School Dist., 491 U.S. 701, 738 (1989) (municipality may be liable based on its "acquiescence in a longstanding practice or custom" that constitutes its "standard operating procedure"). In fact, plaintiff appears to be alleging that the County and Sheriff's Department acquiesced in the September 18, 2013 blood draw, and the County acquiesced in the emergency room physician's refusal to document plaintiff's injuries. This is not enough for a Monell claim.

As for American Forensic Nurses, a private entity contracting with a municipality may be liable under Monell, provided the private entity: (1) acted under color of state law; (2) a constitutional violation occurred; and (3) the violation was caused by an official policy or custom of the private entity. Tsao v. Desert Palace, Inc., 698 F.3d 1128, 1139 (9th Cir. 2012). Here, plaintiff alleges that American Forensic Nurses failed to properly train and supervise its nurses and acquiesced in the improper blood draw by nurse Nunez. (Complaint ¶ 11.) Again, plaintiff's allegations are too conclusory to show a causal relation between the purported derelictions of American Forensic Nurses and the alleged Fourth Amendment violation by nurse Nunez. Plaintiff does not allege in what way her training and supervision was deficient and how the deficient training and supervision contributed to her actions.

Accordingly, for all of these reasons, plaintiff's claims against the County, the Sheriff's Department, the County Emergency Room, and American Forensic Nurses must be dismissed.

### III. PLAINTIFF FAILS TO STATE CLAIMS UNDER STATE AND FEDERAL PENAL STATUTES.

Plaintiff contends that defendants' actions violated Cal. Penal Code § 118.1 [false report by peace officer] and Cal. Penal Code § 245(a)(1)[assault with a deadly weapon].

Petitioner also contends that defendants have committed conspiracy in violation of 18 U.S.C. § 241.

Plaintiff cannot assert claims for violations of these criminal statutes, because they do not create a private right of action. See Chrysler Corp. v. Brown, 441 U.S. 281, 316 (1979) (Supreme Court rarely implies a private right of action under a criminal statute, and never unless there is a statutory basis for inferring that a civil cause of action lies in favor of someone). None of these statutes contains any language suggesting that its provisions can be enforced in a civil suit. See Allen v. Gold Country Casino, 464 F.3d 1044, 1048 (9th Cir. 2006) (18 U.S.C. § 241 is a criminal statute that does not crate a private cause of action) (citing Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980)); Eusse v. Vitela, 13cv0916 BEN(NLS), 2013 WL 3778636, *3 (S.D. Cal., Jul. 17, 2013) (Cal. Penal Code § 118.1 does not create a private cause of action); Howard v. Gonzalez, 12cv00487 LJO DLB PC, 2013 WL 750870, *4 (E.D. Cal., Feb. 27, 2013), adopted by, 2013 WL 1499338 (E.D. Cal., Apr. 10, 2013) (same).

Accordingly, plaintiff's claims under Cal. Penal Code § 118.1, Cal. Penal Code § 245(a)(1), and 18 U.S.C. § 241 must be dismissed.

## IV. PLAINTIFF'S CLAIMS AGAINST BIGGS ARE BARRED BY PROSECUTORIAL IMMUNITY.

Plaintiff has sued Deputy District Attorney Lindsey Biggs, who prosecuted him in his criminal proceeding. (Complaint ¶ 13.) He contends that Biggs was "not acting in performance of her duties as a Deputy District Attorney but as a criminal co-conspirator-after-the fact" who filed charges against him to cover up the wrongdoing by Robinson, Rodriguez, Zimolzak, and Nunez. (Id.)

Prosecutors are absolutely immune from liability for damages for initiating a prosecution and presenting the government's case. Imbler v. Pachtman, 424 U.S. 409, 410, 430-31 (1976); see also Botello v. Gammick, 413 F.3d 971, 976 (9th Cir. 2005) (it is "well established that a prosecutor has absolute immunity for the decision to prosecute a particular case"). This absolute immunity extends to all conduct "intimately associated" with

the judicial phase of the criminal process. Imbler, 424 U.S. at 416, 431 (prosecutors were immune from claims that they knowingly used false testimony at trial, deliberately suppressed exculpatory evidence, and prosecuted defendant with knowledge that he had been "cleared" by a lie detector test); Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993) (prosecutors were immune from claims that they conspired to manufacture false evidence); Burns v. Reed, 500 U.S. 478, 492 (1991) (prosecutor's appearance in court in support of application for a search warrant was protected by absolute immunity). However, prosecutorial immunity rests on "the nature of the function performed, not the identity of the actor who performed it," and does not shield a prosecutor who steps outside the advocate's role. Kalina v. Fletcher, 522 U.S. 118, 127 (1997).

  Plaintiff contends that Biggs conspired with the defendant officers and nurse Nunez to cover up their wrongdoing. (Complaint ¶ 13.) He does not allege any specific wrongful acts by her; although he complains that a district attorney falsely represented to the state court that plaintiff was on probation on September 18, 2013, he does not identify that district attorney as Biggs, and the transcript of the hearing on the motion to suppress shows an appearance by another prosecutor. (Id. at ¶¶ 48-49; see Transcript of July 8, 2014 hearing.) Regardless, if plaintiff has sued Biggs based solely on her role in his prosecution, she is shielded by prosecutorial immunity. There is nothing in the Complaint suggesting any action by her outside the scope of traditional prosecutorial functions. See Van de Kamp v. Goldstein, 555 U.S. 335, 343 (2009) (giving examples of absolute immunity, including when a prosecutor prepares to initiate a judicial proceeding); Imbler, 424 U.S. at 431 n.34 (prosecutorial immunity encompasses "the deliberate withholding of exculpatory information"); Broam v. Bogan, 320 F.3d 1023, 1029-30 (9th Cir. 2003) (a prosecutor is absolutely immune from liability for failing to investigate accusations before filing charges and for knowing use of false testimony at trial).

  Accordingly, plaintiff's claims against defendant Biggs must be dismissed.

///

V.  **PLAINTIFF'S CANNOT STATE A SECTION 1983 CLAIM AGAINST THE DISTRICT ATTORNEY'S OFFICE.**

Plaintiff has sued the Riverside County District Attorney's Office. He contends that the District Attorney's Office conspired to cover up the wrongdoing of the defendant officers and nurse by bringing charges against him. (Complaint ¶ 14.) The Ninth Circuit has held that in California a District Attorney's Office acts as a state office with respect to actions taken in its prosecutorial capacity and is not subject to suit under Section 1983. Jackson v. Barnes, 749 F.3d 755, 767 (9th Cir. 2014), cert. denied, 135 S. Ct. 980 (2015) (affirming dismissal of Section 1983 claim against Ventura County District Attorney's Office on Eleventh Amendment grounds); Weiner v. San Diego County, 210 F.3d 1025, 1030 (9th Cir. 2000) ("under California law a county district attorney acts as a state official when deciding whether to prosecute an individual"); see also Will v. Michigan Dep't of State Police, 491 U.S. 58, 64 (1989) (a state is not a "person" subject to suit under Section 1983). The Eleventh Amendment bars a suit against a state or its agencies in federal court. See Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100 (1984) (Eleventh Amendment prohibits federal jurisdiction over claims brought against a state and its agencies unless state consents to suit); see also Cannon v. Polk County Dist. Atty., 501 Fed. Appx. 611, 613 (9th Cir., Oct. 23, 2012) (affirming dismissal of District Attorney's Office on Eleventh Amendment grounds).

Accordingly, plaintiff's claims against the Riverside County District Attorney's Office must be dismissed.

*************

For the reasons set forth herein, the Complaint is **DISMISSED WITH LEAVE TO AMEND**.

If plaintiff desires to pursue this action, he is **ORDERED** to file a First Amended Complaint within **thirty (30) days** of the date of this Order, which remedies the deficiencies discussed above.

If plaintiff chooses to file a First Amended Complaint, it should: (1) bear the docket number assigned in this case; (2) be labeled "First Amended Complaint"; (3) be filled out exactly in accordance with the directions on the form; and (4) be complete in and of itself without reference to the previous complaints or any other pleading, attachment or document. The Clerk is directed to provide plaintiff with a blank Central District of California civil rights complaint form, which plaintiff must fill out completely and resubmit.

**Plaintiff is admonished that, if he fails to file a First Amended Complaint by the deadline set herein, the Court may recommend that this action be dismissed for failure to prosecute and failure to comply with a Court order.**

DATED: April 22, 2015                            */s/ John E. McDermott*
                                                JOHN E. MCDERMOTT
                                                UNITED STATES MAGISTRATE JUDGE